BERNIE M. CONANT *vs.* ROBAIN ARSENAULT, et al.

Androscoggin.    Opinion November 19, 1920.

*Arbitration agreements.   The right of free access to courts is inalienable.   An agree-*
*ment containing an arbitration clause respecting preliminary and collateral*
*matters may be enforced, but not when respecting matters which go*
*to the root of the cause of action.   Courts cannot be ousted*
*of their jurisdiction.*

This is an action on the case to enforce the award of a referee.   The plaintiff and
defendant entered into a lumber contract, in which was a provision for the
settlement of all controversies which might arise in the execution of the terms
of the contract.   Conceding the conduct of the reference at the hearing to be
regular, yet the defendant says the action must fail for want of a binding
agreement of reference.

Paragraph 5 of the contract, which embraces the agreement to refer is expressed
as follows:—"And it is hereby lastly agreed that in case any dispute shall arise
between the said parties hereto relating to the sale of said lumber, timber and
trees, or to the compensation to be made for injury or damage done in felling,
cutting down, and carrying away the same, or to any cause, matter or thing
herein contained, the same shall be finally determined by two indifferent
persons, one to be chosen by each of said parties; and if such two persons shall
not agree, then an umpire shall be chosen between them, whose decision shall
be conclusive on both parties; and in case either of the said parties shall neglect
or fail to appoint a referee within ten days after request by the other party,
then the referee appointed by the other party may proceed alone, and his
award shall be conclusive on both parties."

The defendant contends that the language of the above paragraph contravenes
the fundamental doctrine that parties are not bound by contracts that inter-
cept the jurisdiction of the courts.   The court below decided the case upon this
doctrine and we think his decision must be sustained.

In a case involving an agreement of reference that "the parties or either of them,
may submit" the matter of arbitration the "arbiter to be mutually agreed
upon", the court in *Dugan* v. *Thomas*, 79 Maine, 221, say:—"Such a clause or
arbitration cannot bind the parties.   The right of free access to the Courts is
alienable."   It is further said:—"But men cannot be compelled, even by their
own agreements, to mutually agree upon arbiters whose duties would, as in this
case, go to the root of the principal claim or cause of action and oust the Courts
of their jurisdiction."

The court is of the opinion that the language of paragraph 5 in the present case, goes to the root of the cause of action. It provides as will be seen, by reverting to the first part of the paragraph, that every issue that could be raised by the one side or the other with respect to the subject matter of the contract, "shall be finally determined by two indifferent persons," to be chosen in the manner specified, "whose decision shall be conclusive on both parties."

The distinction between the terms of the reference in the case at bar and that prescribed in the standard insurance policy is, that the latter relates only to the assessment of damages. This distinction is specifically pointed out in *Fisher v. Insurance Co.*, 95 Maine, at Page 489.

On exceptions. This is an action to enforce the award of a referee. A lumber contract entered into by plaintiff and defendant contained a provision for a reference for the settlement of all controversies which might arise between them in the execution of the terms of the contract, and that the award should be conclusive on both parties. The defendant contended that the agreement of reference or arbitration contravened the fundamental doctrine that parties are not bound by contracts which, if enforced, would oust the courts of their jurisdiction. The presiding Justice sustained the position of the defendant, and the plaintiff excepted. Exceptions overruled.

Case is stated in the opinion.

*George C. Wing*, for plaintiff.

*McGullicuddy & Morey*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This is an action on the case to enforce the award of a referee. The plaintiff and defendant entered into a lumber contract, in which was a provision for the settlement of all controversies which might arise in the execution of the terms of the contract. If the conduct of the reference at the hearing is conceded to be regular, yet the defendant says the action must fail for want of a binding agreement of reference.

Paragraph 5 of the contract, which embraces the agreement to refer is expressed as follows:—"And it is hereby lastly agreed that in case any dispute shall arise between the said parties hereto relating to the sale of said lumber, timber and trees, or to the compensation to be made for injury or damage done in felling, cutting down, and

carrying away the same, or to any cause, matter or thing herein contained, the same shall be finally determined by two indifferent persons, one to be chosen by each of said parties; and if such two persons shall not agree, then an umpire shall be chosen between them, whose decision shall be conclusive on both parties; and in case either of the said parties shall neglect or fail to appoint a referee within ten days after request by the other party, then the referee appointed by the other party may proceed alone, and his award shall be conclusive on both parties."

The defendant contends that the language of the above paragraph contravenes the fundamental doctrine that parties are not bound by contracts that intercept the jurisdiction of the courts. The court below decided the case upon this doctrine and we think his decision must be sustained.

In a case involving an agreement of reference that "the parties or either of them, may submit" the matter of arbitration, the "arbiter to be mutually agreed upon," the court in *Dugan* v. *Thomas,* 79 Maine, 221 say:—"Such a clause of arbitration cannot bind the parties. The right of free access to the courts is inalienable." It is further said:—"But men cannot be compelled, even by their own agreements, to mutually agree upon arbiters whose duties would, as in this case, go to the root of the principal claim or cause of action and oust the courts of their jurisdiction."

The court is of the opinion that the language of paragraph 5, in the present case, goes to the root of the cause of action. It provides as will be seen, by reverting to the first part of the paragraph, that every issue that could be raised by the one side or the other with respect to the subject matter of the contract," shall be finally determined by two indifferent persons," to be chosen in the manner specified, "whose decision shall be conclusive on both parties."

The distinction between the terms of the reference in the case at bar and those prescribed in the standard insurance policy is, that the latter relates only to the assessment of damages. This distinction is specifically pointed out in *Fisher* v. *Insurance Co.,* 95 Maine, at Page 489.

*Exceptions overruled.*